UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2011-cv-5261 |
| ) | |
| RONALD HALMAGYI, indv. and d/b/a POOR ) | |
| BOYS PUB OF ELBURN, INC. d/b/a BUNK'S ) | |
| BAR and POOR BOYS PUB OF ELBURN, INC.) | |
| d/b/aBUNK'S BAR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Joe Hand Promotions, Inc. ("Plaintiff") is before the court in an "Unauthorized Publication or Use of Communications" and "Unauthorized Interception, Exhibition, Publication and Divulgence" suit and files a Motion for Service by Publication. Despite numerous reported attempts to date, Plaintiff has failed to locate and issue service on the defendant, Ronald Halmagyi ("Defendant").

The Federal Rules of Civil Procedure permit service **"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."** Fed. R. Civ. P 4(e)(1). Therefore, the laws of the state of Illinois apply in this case.

The relevant Illinois statute concerning service by publication provides that

> whenever, in any action affecting property or status within the jurisdiction of the court, [Plaintiff] shall file . . . an affidavit showing that the defendant . . . on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause

1

publication to be made in some newspaper published in the county in which the action is pending.

735 ILCS 5/2–206(a).

Plaintiff has submitted sworn affidavits showing that after diligent inquiry and numerous attempts to effectuate service Defendant could not be found. [50] Over the past year, Plaintiff was able to find three of Defendant's potential addresses after multiple investigations, including contacting the Kendall County Assessor's Office: 218 S. Adams St., Oswego, Illinois 60543; 605 Heartland Dr., Yorkville, Illinois 60560; and 2752 Village Green Dr, Apt. B4, Aurora, Illinois 60504. For over a year, the Sheriff's Departments of Kendall and DuPage counties have made dozens of attempts to serve Defendant at those addresses. Throughout the process, individuals were located at each of these addresses, but either denied or would not confirm whether or not Defendant resided there.

The court finds that Plaintiff has complied with 735 ILCS 5/2-206(a) and made honest and well-directed efforts to ascertain the whereabouts of Defendant by due inquiry as circumstances permit. The court further finds that service by publication is the most reasonable method available reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *See*, *Mullane v. Central Hanover Bank & Trust Co.*, 70 S.Ct. 652, 657 (U.S. 1950). Therefore, pursuant to Rule 4(e)(1), Plaintiff's Motion for Service by Publication is granted.

ENTER:

_____
**Hon. P. Michael Mahoney,**
**U.S. Magistrate Judge**

**DATE:** **June 21, 2013**